UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NORTH AMERICAN COMPANY FOR LIFE )
AND HEALTH INSURANCE,                        )
                                                             )
                            Plaintiff,               )
                                                             )
                    v.                                   )        No. 1:21-cv-00363-JPH-DLP
                                                             )
CYNTHIA ZIMMERMAN,                         )
                                                             )
                            Defendant.             )

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On February 16, 2021, North American filed a complaint against

Defendant, Cynthia Zimmerman, seeking judicial confirmation of the recission

of a life insurance policy.  Dkt. 1.  Ms. Zimmerman has not responded or

defended this case.  On April 30, 2021, Clerk's entry of default was entered

against Ms. Zimmerman.  Dkt. 12.  North American now seeks default

judgment.  For the reasons below, North American's motion for default

judgment is **GRANTED**.  Dkt. [10].

### A. Liability

Federal Rule of Civil Procedure 55 creates a two-step process for a party

seeking default judgment.  *See VLM Food Trading Int'l, Inc. v. Illinois Trading

Co.*, 811 F.3d 247, 255 (7th Cir. 2016).  First, the plaintiff must obtain an entry

of default from the Clerk.  Fed. R. Civ. P. 55(a).  Upon default, the well-pleaded

allegations in the complaint relating to liability are taken as true.  *VLM Food*,

811 F.3d at 255.  Second, after obtaining entry of default, the plaintiff may

seek an entry of default judgment.  Fed. R. Civ. P. 55(b).

1

Here, an entry of default was issued against Ms. Zimmerman, dkt. 12,

and North American seeks default judgment, dkt. 10.  Therefore, the

allegations in the complaint, when taken as true, establish liability.  *See* Fed.

R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability,

"damages must be proved unless they are liquidated or capable of calculation."

*Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).  Here, however, North

American seeks only "a judicial declaration that the subject policy is void and

effectively rescinded."  *See* dkt. 1 at 2.  Because this action seeks a declaratory

judgment, North American "must apply to the court for a default judgment."

Fed. R. Civ. P. 55(b)(2).

Rule 55(b) requires North American to establish the following for the

grant of a default judgment: "(1) when and against what parties the default was

entered; (2) the pleading as to which default was entered; (3) that the defaulting

parties are neither infants nor incompetent; (4) that the defendants are not in

military service; and (5) that notice has been served on the defaulting party."

*Firemen's Insurance Company of Washington, D.C. v. Swinney*, No. 1:17-cv-

00573-TWP-TAB, 2017 WL 6620882, at *2 (S.D. Ind. Dec. 27, 2017).

Here, the Clerk issued entry of default against Ms. Zimmerman on April

30, 2021, "for failure to plead or otherwise defend this action."  Dkt. 12.  And

North American submitted an affidavit stating that, based on the information

in its policy file, Ms. Zimmerman is neither infant nor incompetent.  Dkt. 11 at

2.  North American also declared that Ms. Zimmerman is not currently in

military service and attached a Servicemember's Civil Relief Act Status Report

dated April 13, 2021.  *Id.*; dkt. 11-1.  Finally, North American stated that it

personally served the Summons and Complaint on Ms. Zimmerman on

February 24, 2021, and filed proof of service.  Dkt. 11 at 2, dkt. 5.

## Conclusion

North American's motion for default judgment is **GRANTED**.  Dkt [10].

The Court **DECLARES** that: North American shall have Judgment of recission

of Policy '475.  Policy '475 is hereby rescinded and declared to be void,

extinguishing any rights or benefits that would otherwise have been available

under Policy '475, and that might otherwise be claimed by any person.  Final

judgment shall issue by separate entry.

**SO ORDERED.**


 Date: 7/1/2021


James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Nicholas J. Bezier
GODFREY & KAHN, S.C.
nbezier@gklaw.com

Paul F. Heaton
GASS WEBER MULLINS LLC
pheaton@gklaw.com

Derek Leonard Mandel
MANDEL HORN, P.C.
dmandel@mhmrlaw.com

Cynthia Zimmerman
4511 West South Street
Trafalgar, IN 46181